# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2611 | **DATE** | 5/15/2011 |
| **CASE TITLE** | United States vs. Shawn Ledcke | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court directs the Clerk to enter judgment denying defendant Shawn Ledcke's motion under 28 U.S.C. § 2255.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Shawn Ledcke pled guilty to a charge of conspiracy to deal firearms, most with obliterated serial numbers, to out of state residents and two counts of possessing firearms after having been convicted of a felony. The Court sentenced him to a ten year prison term. On July 23, 2007, the court of appeals affirmed Mr. Ledcke's sentence. Mr. Ledcke does not contend that he filed a petition for certiorari in the United States Supreme Court.

On or about February 24, 2011, Mr. Ledcke mailed to the Clerk of this District a document entitled "motion for leave to file an out-of-time 2255 petition due to extraordinary circumstances" and attached to it a proposed section 2255 motion and supporting memorandum. These documents bore the case number for Mr. Ledcke's criminal case. This Court directed the Clerk to docket the section 2255 motion and memorandum as a separate case filing. The Court has now reviewed Mr. Ledcke's motion and memorandum pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings and has also reviewed Mr. Ledcke's motion for leave to file an out-of-time section 2255 motion.

Mr. Ledcke's motion includes three claims. His first claim is that his attorney rendered ineffective assistance by failing to seek a competency examination, failing to investigate and pursue possible defenses and mitigation, and failing to object to the term of supervised release that the Court imposed. Mr. Ledcke's second claim is that trial counsel failed to object to the Court's jurisdiction and failed to insist on a speedy trial. His third claim is that counsel failed to challenge the sufficiency of the indictment. The Court expresses no view regarding the merits of these claims.

A one-year limitation period applies to section 2255 motions. *See* 28 U.S.C. § 2255(f). This period runs from the latest of four dates. *See id.* § 2255(f)(1)-(4). The only one potentially applicable here is "the date on which the judgment of conviction [became] final," which in Mr. Ledcke's case was July 23, 2007. Mr.

| STATEMENT |
|---|

Ledcke did not file a petition for certiorari, so the judgment became final, and the one-year clock started to run, on the date a petition for certiorari would have been due, which was ninety days after the decision on appeal, October 21, 2007. *See, e.g., United States v. Moore*, 282 Fed. Appx. 453, 454-55 (7th Cir. 2008). That means the time for Mr. Ledcke to file a section 2255 motion expired on October 21, 2008, unless Mr. Ledcke can show a basis to toll or extend the period.

In his motion for leave to file out of time (which is still docketed under Mr. Ledcke's criminal case, Case No. 06 CR 58), Mr. Ledcke says that he mailed his section 2255 motion to the Clerk on July 30, 2009. He alleges that after he did not receive a response from the Clerk, he sent two letters of inquiry to the Clerk, to which he received no response. He says that he then obtained from the prison mail room, in late May 2010, confirmation that his motion had been sent to the Clerk in July 2010. Mr. Ledcke states that "[o]nly recently did . . . petitioner discovery that his 2255 was not received with the court due to transfering [sic] to another Bureau of Prisons facility." Mot. for Leave to File Out of Time Sec. 2255 Mot. at 2.

Even if the Court accepts as true everything Mr. Ledcke alleges, his motion is untimely. By the time Mr. Ledcke says he first mailed a section 2255 motion to the Clerk, the one-year limitation period had expired over nine months earlier. Though Mr. Ledcke asserts a basis for excusing any delay *after* July 2009, he asserts no basis for excusing the nine-month delay *before* that date or for a later start date for the limitation period.

For these reasons, the Court denies Mr. Ledcke's section 2255 motion. The Court declines to issue a certificate of appealability because no reasonable jurist could find that Mr. Ledcke's motion is timely. *See* 28 U.S.C. § 2253(c)(2). The Clerk is directed to enter judgment denying defendant's section 2255 motion.